Esmond *v.* Tarbox.

## ESMOND *vs.* TARBOX.

Where the plan and the monuments made by the original surveyor of a tract of land do not correspond, the monuments are to be resorted to, in order to ascertain the true location.

And if the monuments were made by one surveyor, and the plan drawn by another, and the plan alone is referred to in a deed of conveyance, yet the monuments govern and control the plan.

THIS was a writ of entry, tried before *Weston J.* The parties were owners of adjoining house-lots in *Gardiner.* Both claimed title under the same grantor ; and both deeds referred to *Adams's* plan of the lots granted. It was merely a question of boundary between them.

It appeared that a tract containing the premises had been originally surveyed into lots by one *Hobart,* who fixed monuments at the corners of the lots, and made a plan of the whole survey. Afterwards *Adams* was employed by Mr. *Gardiner,* the general proprietor, to survey some adjacent land, and to make a plan of the whole, including *Hobart's* survey in his plan, for greater convenience ; and was directed to adopt *Hobart's* monuments wherever he could find them. The plan, which he thus made, embraced *Hobart's* plan, laid down upon a reduced scale to conform to his own ; and was the plan referred to in the deeds. By measuring the lots as they were laid down on the plan, without reference to any monuments,

the case was with the demandant; who insisted upon this rule, because *Adams* made no monuments, and his plan was to be taken as part of the deed. But by the monuments set up by *Hobart*, the case was with the tenant.

The judge instructed the jury that the principle contended for by the counsel for the demandant was the true and legal principle for the location of the lots, if no intervening monuments made by *Hobart* could be found; but that whenever such monuments were proved, the location must conform to them, whether this accorded with the plan, or not. And the jury returned a verdict for the tenant; which was taken subject to the opinion of the court upon the correctness of the judge's instructions.

The point was submitted without argument by *Evans* for the demandant, and *Allen* for the tenant; and the opinion of the Court was delivered in this term by

WESTON J. This is an exceedingly plain case. The deeds both of the demandant and tenant, refer to *Adams's* plan. And that is *Hobart's* plan, upon a reduced scale. *Hobart* surveyed the ground and set up monuments. *Adams* made no survey of the land in question; but adopted *Hobart's* survey and monuments, as he was directed to do. The jury have, by their verdict, established the line between these parties, according to these monuments; the location of which was proved to their satisfaction. The plan and the monuments do not exactly coincide; but this is no uncommon case; and where a difference is found to exist, it has been long the settled practice, both of Massachusetts and of this State, to give effect to the latter, rather than the former.

The monuments adopted, or placed upon the face of the earth, are the best evidence of the lines and corners actually made by the survey. Of this the plan is intended to be an accurate delineation. The survey is the original work, and the plan is derived from it, and intended to represent it. If it fail to do so, the survey, if it can be ascertained, and not the erroneous delineation of it, is to govern.— Purchasers look to actual monuments, which they are, or should be, careful to preserve; and public policy, as well as the principles of

law, requires that their titles and posessions should be protected and secured by them.

It makes no difference that the plan referred to was made by one man, and the survey by another ; or that a plan upon a larger scale intervened.   Both were intended to be coincident, and derived from one source, the survey.   The legal construction of what is done in these cases, is not affected by the number of agents employed.   One may make the survey, and locate the monuments, and another may delineate the plan from his field book or minutes, and the actual survey will be equally conclusive, as if all had been done by the same hand.

*Judgment on the verdict.*